UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHRISTOPHER K. ROY,

        Plaintiff,

    v.

LVN WEST; RN JOHN or JANE DOE; Pharmacist T. TRAN; CMO SEPULVEDA; and Warden A. HEDGEPATH,

        Defendants.
                                     /

No. C 10-0175 PJH (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*:: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). However, complaints in pro se prisoner cases, such as this one, must be liberally construed in favor of the plaintiff when applying the *Twombly/Iqbal* pleading standard. *Hebbe v. Miller*, 602 F.3d 12020, 1205 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff had a tooth pulled on June 13, 2008. The dentist who performed the extraction told plaintiff that he would be prescribing antibiotics and pain medication. Later the same day, when the pain was severe, plaintiff told defendant West about it and she informed him that no medications had been prescribed for him. The next day, June 14, plaintiff saw West again, and she informed him that she had been unable to determine whether he had been prescribed medications, and that he might have to wait until Monday because it then was a Saturday and the pharmacy probably would not be filling prescriptions that day. Plaintiff received antibiotics and pain medication on Monday.

1    Liability may be imposed on an individual defendant under 42 U.S.C. section 1983
2 only if the plaintiff can show that the defendant proximately caused the deprivation of a
3 federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person
4 deprives another of a constitutional right within the meaning of section 1983 if he does an
5 affirmative act, participates in another's affirmative act or omits to perform an act which he
6 is legally required to do, that causes the deprivation of which the plaintiff complains. *See
7 Leer*, 844 F.2d at 633.

8    The allegations against West are sufficient to require a response.  Plaintiff has,
9 however, not alleged any facts regarding defendants Tran, RN John or Jane Doe, Chief
10 Medical Officer Sepulveda, or Warden Hedgepath, so of course he has not alleged that any
11 of them caused his rights to be violated under the above standard.  And there is no
12 respondeat superior liability in section 1983 suits, that is, a person who is the superior or
13 boss of another cannot be held liable simply because of that fact, so that cannot be the
14 basis for these claims.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no
15 circumstances there liability under section 1983 solely because defendant is the superior of
16 someone who violated plaintiff's rights (respondeat superior liability)).  The claims against
17 all defendants other than West will be dismissed with leave to amend.

### CONCLUSION

19    1. Plaintiff's claims against defendant West are sufficient to proceed.

20    2. For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as
21 indicated above, within thirty days from the date of this order.  The amended complaint
22 must include the caption and civil case number used in this order and the words
23 AMENDED COMPLAINT on the first page.  Because an amended complaint completely
24 replaces the original complaint, plaintiff must include in it all the claims he wishes to
25 present, including the claim against West that the court has determined to be cognizable.
26 *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate
27 material from the original complaint by reference.  Failure to amend within the designated
28 time will result in the dismissal of these claims.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 26, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.10\ROY0175.DWLTA.wpd

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.