United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHRISTOPHER K. ROY,

Plaintiff,

v.

LVN WEST; RN JOHN or JANE DOE; Pharmacist T. TRAN; CMO SEPULVEDA; and Warden A. HEDGEPATH,

Defendants.
_______________________________/

No. C 10-0175 PJH (PR)

**ORDER OF SERVICE AFTER AMENDMENT**

This is a civil rights case filed pro se by a state prisoner. The complaint was dismissed with leave to amend in the initial review order. Plaintiff has amended. The court will now review the amended claims to determine whether they should be served. *See* 28 U.S.C § 1915A(b)(1),(2) (court must screen prisoner complaints and dismiss claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief).

**DISCUSSION**

**A. Legal Claims**

Plaintiff alleged in his original complaint that he had a tooth pulled on Friday, June 13, 2008. The dentist who performed the extraction told plaintiff that he would be prescribing antibiotics and pain medication, but despite plaintiff's efforts to obtain the medications, he was not given them until Monday, June 16. The court concluded in the initial review order that plaintiff had stated a claim against defendant West, but that because he had not alleged any facts regarding defendants Pharmacist Tran, RN John or Jane Doe, Chief Medical Officer Sepulveda, or Warden Hedgepath, he had failed to state a

claim upon which relief could be granted as to them.

Plaintiff alleges in the amendment that as a result of a settlement in another case, the institution has a dentist on call at all times and that an RN at the institution is charged with contacting that dentist if necessary during off-hours – in this case, defendant “RN John or Jane Doe.” He states that defendant West contacted this person, with no result. This is sufficient to state a claim against the Doe defendant. The claim against the Doe defendant will be allowed to proceed, but of course he or she cannot be served at this point. Plaintiff should amend the complaint to provide the name when he learns it, and request service.

Plaintiff has failed to state facts regarding the other defendants; the claims against them will be dismissed.

**CONCLUSION**

1. Plaintiff's claim against defendants Pharmacist T. Tran; Chief Medical Officer Sepulveda; and Warden Hedgepath are **DISMISSED** with prejudice.

2. The clerk shall issue summons and serve, without prepayment of fees, copies of the file, including copies of this order, upon LVN West. Plaintiff states that she can be found at Salinas Valley State Prison in Soledad.

3. In order to expedite the resolution of this case, the court orders as follows:

a. Defendant shall file a motion for summary judgment or other dispositive motion within sixty days of the date this order is entered. If she is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the court prior to the date her summary judgment motion is due.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed “NOTICE -- WARNING,” which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files an unenumerated motion to dismiss claiming that plaintiff failed to

United States District Court
For the Northern District of California

exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

c. If defendant wishes to file a reply brief, she shall do so no later than fifteen days after service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or her counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 22, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.10\ROY0175.serve.wpd

United States District Court
For the Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.