UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CHRISTOPHER ROY,

    Plaintiff,

v.

LVN WEST, et al.,

    Defendants.

No. C 10-0175 PJH (PR)

**ORDER GRANTING DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

This is a civil rights case brought pro se by a state prisoner. Plaintiff alleges that there was a delay in providing his antibiotic and pain medication after a dental procedure. The sole remaining defendant in this case, Licensed Vocational Nurse West, has filed a motion for summary judgment. Plaintiff did not file an opposition so defendant filed a notice that no opposition had been received, but plaintiff has still not filed an opposition.[1] For the reasons set forth below, the motion for summary judgment is granted.

**DISCUSSION**

**I.  Motion for Summary Judgment**

    **A.  Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

---

[1] Plaintiff's last filing in this case occurred on December 2, 2011. Docket No. 13.

1  The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

**B.    Discussion**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth

2

Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

The following of defendant's facts are undisputed as plaintiff has not filed an opposition nor do the facts of plaintiff's complaint differ from what defendant has set forth. On June 13, 2008, plaintiff received a dental filling and another tooth was extracted. Motion for Summary Judgment (MSJ) at 8. A non-defendant dentist wrote prescriptions for ibuprofen and penicillin on the same day, though the prescriptions did not have the dentist's stamp on them. *Id.* The stamp is required to process a prescription, to prevent fraudulent prescriptions from being filled. *Id.* That night plaintiff asked defendant West if there were any prescriptions for him, but after checking, West informed plaintiff there were none. *Id.* at 8-9. The next day there were still no prescriptions for plaintiff. *Id.* at 9. Defendant West made some phone calls to other medical staff and informed them that plaintiff had not received his prescriptions. *Id.* The prescriptions for penicillin and ibuprofen were reissued and provided to plaintiff on June 16, 2008, as the prescriptions were properly stamped this time. *Id.* at 9-10. Plaintiff did not develop any infection or suffer any complications as a result of the three day delay in receiving the prescriptions. *Id.* at 10. Defendant West does not have the authority to order prescriptions or distribute medication without a prescription. *Id.* at 8.

The motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Property at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56), rev'd on other grounds.

3

Defendant's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. At most, plaintiff presents a mere delay in medical treatment, though this without more is insufficient to state a claim of deliberate medical indifference. *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). Defendant's only involvement is that there were no prescriptions for her to give to plaintiff, so she lacks the requisite state of mind for a deliberate indifference claim. Moreover, defendant contacted other medical staff to expedite the filling of the prescriptions once it became apparent the prescriptions had not been processed. These actions demonstrate that defendant is entitled to judgment as a matter of law. For all these reasons, defendant's motion for summary judgment is granted.

## CONCLUSION

1. The motion for summary judgment (Docket No. 23) is **GRANTED**.

2. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.10\Roy0175.sj.wpd